# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JEANNE DIORIO, | ) | CASE NO. 4:15-cv-1710 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| TMI HOSPITALITY | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the objection of plaintiff Jeanne DiOrio ("plaintiff" or "DiOrio") to Magistrate Judge Limbert's order denying plaintiff's motion to compel (Doc. No. 32 ["MJ Order"]). (Doc. No. 35 ["Obj."].) Defendant TMI Hospitality ("defendant" or "TMI") responded to plaintiff's objection. (Doc. No. 37 ["Resp."].) For the reasons that follow, plaintiff's objections are overruled.

**A. MJ Limbert's Order**

The Court referred plaintiff's motion to compel (Doc. No. 26 ["Mot."]) to Magistrate Judge Limbert for resolution. (Doc. No. 28.) Plaintiff sought to require defendant to "produce the financial goals (i.e. "ESSOC, revenue and market share"), sales results, and names and ages of all directors of sales supervised by Ms. LaCourse and Mr. Mangus from 2011 to 2016." Ashley LaCourse, and Dave Mangus are plaintiff's former supervisors. (*See* Mot. ¶¶ 4, 5, 10.) Defendant opposed plaintiff's motion. (Doc. No. 29.)

Magistrate Judge Limbert conducted a hearing (*see* February 7, 2017 Minutes of proceedings) and, thereafter, issued an order denying plaintiff's motion to compel on both procedural and substantive grounds. First, the magistrate judge denied the motion for failing to comply with Local Rule ("LR") 37.1. (MJ Order at 262-63[1] (citations omitted).) Even if plaintiff had complied with the local rule, the magistrate judge found that the motion should still be denied because plaintiff's discovery request was overbroad, vague, inadequately supported, and disproportionate to the needs of the case. (*See id.* at 263-65 (citing Fed. R. Civ. P. 26(b)(1); *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288 (2007)).)

After the ruling was issued, the Court conducted a telephonic status conference at which plaintiff indicated a desire to seek reconsideration from the magistrate judge. (*See* February 10, 2017 Minutes of proceedings.) The magistrate judge, however, declined to reconsider his ruling. (*See* February 13, 2017 Minutes of proceedings.)

**B. Standard of Review**

Parties may object to an order issued by a magistrate judge regarding non-dispositive matters, and a district judge must consider timely objections "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636 (b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's findings of fact, and the magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glasser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992) (citations omitted).

"In reviewing a magistrate judge's decision to determine whether it is 'contrary to law,' a district court is to apply the same standard the Sixth Circuit employs to review a district court's ruling on an evidentiary question, which is an 'abuse of discretion' standard. An abuse of discretion

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

occurs when a court improperly applies the law or uses an erroneous legal standard." *Phillips v. Philip Morris Cos., Inc.,* No. 5:10CV1741, 2013 WL 3291516, at *2 (N.D. Ohio June 28, 2013) (some internal quotation marks omitted) (quoting *JGR, Inc. v. Thomasville Furniture Indus., Inc.,* No. 1:96-CV-01780, 2006 WL 456479, at *1 (N.D. Ohio Feb. 24, 2006) (quoting *United States v. Taplin,* 954 F.2d 1256, 1258 (6th Cir. 1992))).

A finding is clearly erroneous "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . [.] [T]he test is whether there is evidence in the record to support the lower court's finding, and whether its construction of the evidence is a reasonable one." *Phillips*, 2013 WL 3291516, at *2 (internal quotation marks omitted) (quoting *JGR, Inc.*, 2006 WL 456479, at *1 (quoting *Heights Cmty. Cong. v. Hilltop Realty, Inc.,* 774 F.2d 135, 140 (6th Cir. 1985))).

> Because the nondispositive review standard is highly deferential, magistrate judges have broad discretion to regulate nondispositive matters, and reversal is warranted only if that discretion is abused. Although legal authority may support an objection, the critical inquiry is whether there is legal authority that supports the magistrate's conclusion, in which case there is no abuse of discretion. That reasonable minds may differ on the wisdom of a legal conclusion does not mean it is clearly erroneous or contrary to law.

*Sherrod v. Enigma Software Grp. USA, LLC*, No. 2:13-CV-36, 2014 WL 309948, at *2 (S.D. Ohio Jan. 28, 2014) (quoting *Carmona v. Wright,* 233 F.R.D. 270, 276 (N.D.N.Y. 2006) (internal citations omitted)).

   C. Analysis

      1. **Plaintiff's failure to comply with Local Rule 37**

The magistrate judge found that plaintiff's motion violated LR 37.1 on two grounds, and should be denied for these reasons alone because: (1) plaintiff did not certify to the Court what good faith efforts, if any, were made to resolve the issues before bringing the discovery dispute to

3

the Court; and (2) plaintiff did not submit a letter or request a telephonic conference with the Court in an effort to resolve the dispute before filing a motion to compel. (MJ Order at 262-63.) In objecting to this aspect of the ruling, plaintiff disputes that she did not engage in a good faith effort to resolve the dispute, but concedes that her counsel was unaware of the local rule and did not follow the rule's requirements before filing a motion to compel. (Obj. at 390.)

Plaintiff's counsel has a "clear obligation" to familiarize himself with the district court's local rules. *See Perez v. CPS Foods Ltd.*, No. 5:14CV00490, 2015 WL 5353282, at *2 (N.D. Ohio Aug. 31, 2015) (citing *Carpenter v. City of Flint,* 723 F.3d 700, 710 (6th Cir. 2013)). Plaintiff admits that she did not follow the local rule before filing her motion to compel, and does not dispute that failure to follow the local rule may result in a denial of the discovery motion. *See Infocision Mgmt. Corp. v. Found. for Moral Law, Inc.*, No. 5:08CV1342, 2009 WL 1661650, at *2 (N.D. Ohio June 15, 2009). Plaintiff has not established that the magistrate judge's denial of the motion to compel for failing to comply with Local Rule 37 is clearly erroneous or contrary to law, and her objection is overruled.

**2. Scope of plaintiff's discovery request**

Even if plaintiff had complied with the local rule, Magistrate Judge Limbert concluded that the motion should nevertheless be denied. Plaintiff was the director of sales at the Youngstown/Boardman Ohio Residence Inn, Fairfield Inn, and Hampton Inn. Plaintiff alleges that younger employees did not face the same stringent sales goals or scrutiny from her supervisors that she did, and was terminated in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*., and in retaliation for filing a complaint with the EEOC. Defendant contends that she was terminated for poor performance.

The magistrate judge found plaintiff's request that defendant "produce the financial goals (i.e. 'ESSOC, revenue and market share'), sales results, and names and ages of all directors of sales supervised by Ms. LaCourse and Mr. Mangus from 2011 to 2016" should be denied on the grounds that the discovery request is overbroad, vague, unduly burdensome, and disproportionate to the needs of the case because: (1) it is unclear whether plaintiff is requesting this information for directors of sales individually or jointly supervised by Ms. LaCourse and Mr. Mangus; (2) plaintiff does not explain the relevance of discovery for the six (6) year period from 2011-2016 when plaintiff's alleged poor performance began in 2014 and she was terminated in 2015; (3) defendant contends that the discovery request would require a review of approximately 40 hotels over a six year time span; and (4) plaintiff failed to show how such a broad request would produce legal comparators to plaintiff since the request involves hotels, regions, and markets different from plaintiff. (*See* MJ Order at 263-65.)

In her objection, plaintiff states that her counsel "regrets" his decision declining to have the hearing recorded because the magistrate judge appears to have "misapprehended" plaintiff's position, and that since "no record was made, Plaintiff will take this opportunity to clarify the explanation given to the Magistrate Judge to support his discovery request." (Obj. at 388 n.1 and 393.) Plaintiff also appears to suggest that magistrate judge did not conduct a proper hearing and that "[n]ot a great deal of time was spent addressing the issues here." (Obj. at 388-89.) With respect to plaintiff's clarifying explanation in her objection, defendant argues that the magistrate judge did

not invite further explanation from plaintiff,[2] and the "explanation" consists of improper post-hoc arguments and new exhibits that were not before the magistrate judge. (Resp. at 508.)

As an initial matter, it is inappropriate for plaintiff to offer evidence and arguments in her objections to the order that were not presented in the motion to compel or before the magistrate judge. *See Nathan v. Ohio State Univ.*, No. 2:10-CV-872, 2013 WL 139874, at *4 (S.D. Ohio Jan. 10, 2013) (citing *Murr v. United States,* 200 F.3d 895, 902 (6th Cir. 2000)) (further citation omitted); *Hunkler v. United States*, No. 2:13-MC-40, 2015 WL 619324, at *1 (S.D. Ohio Feb. 10, 2015) ("Petitioner's argument is procedurally barred as he did not raise it before the Magistrate Judge.") (citing *Nathan*, 2013 WL 139874, at *4 ("[D]istrict courts do not have to consider arguments on review that were not raised before the magistrate judge.")). Even considering plaintiff's clarifying explanations, she simply reargues her motion but fails to establish that the magistrate judge's multiple reasons for denying the motion pursuant to Rule 26 are clearly erroneous or contrary to law.

The magistrate judge's ruling is grounded in the federal rules and legal authority, and the fact that plaintiff disagrees with his conclusion, or that another judicial officer may have reached a different conclusion, does not mean that Magistrate Judge Limbert erred or abused his discretion in denying plaintiff's motion to compel. *See Sherrod*, 2014 WL 309948, at *2; *Hyland v. Homeservices of Am., Inc.*, No. 3:05-CV-612, 2012 WL 1680109, at *3 (W.D. Ky. May 14, 2012) ("Under the clearly erroneous standard, a court reviewing a magistrate judge's order should not ask whether the finding is the best or the only conclusion that can be drawn from the evidence.")

---

[2] Plaintiff construes the magistrate judge's order as an invitation to provide additional information, citing the following language: "Without additional explanation, the undersigned is hard-pressed to allow access to this information that does not appear comparable to Plaintiff's areas or markets." (Obj. at 393 (citing MJ Order at 265).) Given that the magistrate judge declined plaintiff's request for reconsideration, the Court agrees with defendant that the magistrate judge's order extended no such invitation.

(quoting *Tri–Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles,* 75 F.Supp.2d 835, 839 (W.D. Tenn. 1999)). Having failed to establish that the magistrate judge's order is clearly erroneous or contrary to law, plaintiff's objections are overruled.

### 3. Plaintiff's stipulation that no additional written discovery was required

In her objection, plaintiff asserts that the second reason given by the magistrate for denying the motion to compel is that the motion contradicted plaintiff's prior stipulation that no additional written discovery was required. (Obj. at 390-91.) In response, defendant argues that the magistrate judge's ruling was not grounded in this issue, and that plaintiff's objection is a red herring. (Resp. at 519.)

The defendant is correct on this point. The magistrate judge's only reference to the stipulation is to describe one of defendant's arguments for denying the motion to compel, and plaintiff's opposing argument made at the hearing. (MJ Order at 262.) Magistrate Judge Limbert's ruling is not based on the issue of plaintiff's prior stipulation regarding discovery, but entirely based upon an analysis of LR 37.1 and Rule 26. Accordingly, the Court need not address plaintiff's objections as to this issue.

### D. Conclusion

For all of the foregoing reasons, plaintiff's objections to the order of the magistrate judge denying the motion to compel are overruled. Plaintiff's motion to compel is denied.

Defendant's response to plaintiff's objections notes that the magistrate judge's order was silent on defendant's request for reasonable attorney fees and expenses incurred in opposing plaintiff's motion to compel, and in opposing plaintiff's objections to the magistrate judge's order. (Resp. at 520-21.) This matter is referred to Magistrate Judge Limbert for consideration and resolution of defendant's request for attorney fees.

**IT IS SO ORDERED**.

Dated: April 19, 2017

                                           **HONORABLE SARA LIOI**
                                           **UNITED STATES DISTRICT JUDGE**