UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEANNE DIORIO, | ) | CASE NO.: 4:15CV1710 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| TMI HOSPITALITY, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Defendant. | ) | |

Before the undersigned is a motion for attorney fees and expenses filed by Defendant TMI Hospitality ("Defendant") pursuant to Judge Lioi's April 19, 2017 Memorandum Opinion and Order. ECF Dkt. #s 38, 43. Judge Lioi referred to the undersigned the matter of considering and resolving Defendant's request for attorney fees originally requested in its response to Plaintiff Jeanne DiOrio's ("Plaintiff") motion to compel Defendant to produce certain information. ECF Dkt. #s 26, 29, 38.

For the following reasons, the undersigned RECOMMENDS that the Court GRANT Defendant's motion for attorney fees and expenses in the amount of $12,224.97. ECF Dkt. #43.

**I. FACTUAL AND PROCEDURAL HISTORY**

On January 13, 2017, Plaintiff filed a motion to compel Defendant to produce financial goals, sales results and names and ages of all directors of sales supervised by two individuals from 2011 to 2016. ECF Dkt. #26. The Court referred the instant motion to the undersigned for resolution, and thereafter, Defendant filed a brief in opposition to Plaintiff's motion. ECF Dkt. #s 28, 29. In this brief, Defendant asserted that Plaintiff had failed to comply with Rule 37.1 of the Local Rules of this Court, Plaintiff's request was untimely as the parties stipulated that no additional fact discovery was

1

required, and the request was otherwise vague, overbroad and unsupported. ECF Dkt. #29. In its brief in opposition, Defendant requested reasonable attorney fees and expenses in opposing Plaintiff's motion because the motion was not substantially justified and no other circumstances made awarding such fees and expenses unjust. *Id.* at 14-15. The undersigned held a in-person conference with counsel for both parties present on February 7, 2017.

On February 8, 2017, the undersigned issued an Order denying Plaintiff's motion to compel because it was filed in violation of Local Rule 37.1 and it was otherwise overbroad, vague and inadequately supported. ECF Dkt. #32. Plaintiff filed objections to the undersigned's Order, and Defendant filed a response in opposition to Plaintiff's objections. ECF Dkt. #s 34, 35, 36.

On April 19, 2017, the Court overruled Plaintiff's objections to the undersigned's Order denying Plaintiff's motion to compel. ECF Dkt. #38. Judge Lioi indicated that Defendant's response to the objections noted that the undersigned's Order was silent on its request for reasonable attorney fees and expenses incurred in opposing Plaintiff's motion to compel. *Id*. Judge Lioi therefore referred Defendant's request for attorney fees and expenses to the undersigned for consideration and resolution. *Id.* On April 20, 2017, the undersigned ordered Defendant to produce documentation substantiating its request for attorney fees and expenses and scheduled a timeline for filing the documentation and for filing objections to the request and reply briefs. ECF Dkt. #39.

On April 28, 2017, Defendant filed the instant motion for attorney fees with supporting documentation. ECF Dkt. #43. On May 5, 2017, Plaintiff filed a brief in opposition to the motion. ECF Dkt. #45. On May 9, 2017, Defendant filed a reply brief. ECF Dkt. #46.

## II.     LAW AND ANALYSIS

### A.     RULE 37(A)(5)(B)

Both parties cite to Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure as providing the basis for considering an award of attorney fees and expenses upon the denial of a motion to compel. ECF Dkt. #29 at 14; ECF Dkt. #45 at 2; ECF Dkt. #46 at 2. That Rule provides the following:

> (5) *Payment of Expenses; Protective Orders.*
>
> (B) *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). Defendant asserts that Plaintiff's motion to compel was not substantially justified and an award of attorney fees and expenses is not unjust because Plaintiff ignored the Court's Local Rule 37.1 by filing the motion to compel before meeting and conferring with Defendant in good faith on the issue and before raising the matter before the Court informally. ECF Dkt. #29 at 14. Defendant also asserts that the motion to compel was not substantially justified because it was filed after fact discovery deadlines were already imposed, a deadline to which Plaintiff had agreed and twice acknowledged to the Court that any extension of a discovery deadline would be limited to discovery depositions only. *Id.* Finally, Defendant additionally asserted that the request in the motion to compel was otherwise overbroad, unduly burdensome, vague and disproportionate. *Id.*

3

In its response to the motion for attorney fees and expenses, Plaintiff submits that the Court has wide discretion in determining an appropriate sanction under Rule 37 and asserts that the standard for determining whether a motion to compel is substantially justified as whether "it raises an issue about which 'there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." ECF Dkt. #45 at 3, quoting *Doe v. Lexington-Fayette Urban Cty. Gov't*, 407 F.3d 755, 766 (6th Cir. 2005), citing *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). Plaintiff cites to *Clifford v. Church Mutual Insurance Company*, No. 2:13-cv-853, 2014 WL 5383929 (S.D. Ohio Oct. 21, 2014), unpublished, and other cases regarding motions to compel and asserts that the failure to follow Local Rule 37.1 and it's the substance of the motion itself in this case were not egregious acts and did not amount to bad faith such that fees and expenses should be awarded. ECF Dkt. #45 at 3-5. Alternatively, Plaintiff asserts that Defendant's request for attorney fees and expenses is unreasonable and not sufficiently supported by the evidence. *Id*. at 5-6.

Defendant agrees with Plaintiff that the "substantially justified" standard considers whether "reasonable people could differ as to the appropriateness of the contested action." ECF Dkt. #46 at 2, citing *Doe*, 407 F.3d at 766. However, Defendant posits that Rule 37 does not contemplate a honest justification or bad faith standard. *Id*. Defendant asserts that reasonable people could not differ in this case that complying with a court's local rules is not only reasonable, but mandatory. *Id*. Defendant points out that the *Clifford* case, upon which Plaintiff cites, is distinguishable because the plaintiff's motion to compel in that case was granted in part and the court held that the plaintiff's motion showed an effort to comply with a previous court order. *Id*. at 3.

4

The undersigned agrees with Defendant that Plaintiff's failure to comply with this Court's Local Rules, specifically Local Rule 37.1, negates a finding of substantial justification. Had Plaintiff followed Local Rule 37.1 and met and conferred with Defendant, perhaps the single issue raised in the motion to compel could have been resolved without Court intervention. L.R. 37.1 . Even if it could not have been resolved by this method, Plaintiff could have thereafter notified the Court, as additionally required by Local Rule 37.1, so that attempts could have been made to resolve the dispute by telephone with the Court and without the filing of legal memoranda. *Id.* And further, if the telephonic conference with the Court did not resolve the dispute, the parties could have then filed merely a letter so that the Court could resolve the discovery dispute without legal memoranda. *Id*. Finally, after all of these preliminary steps have been exhausted, if the discovery dispute was still not resolved, the parties could have thereafter resorted to filing a motion to compel and memorandum in opposition to the motion to compel. *Id.*

Instead, Plaintiff in this case jumped right to filing the motion to compel, which required Defendant to file a memorandum in opposition thereto. ECF Dkt. #s 26, 29. The undersigned scheduled a hearing, which required the presence of counsel for both Plaintiff and Defendant. *See* 2/8/17 Minutes of proceedings. The undersigned thereafter denied the motion to compel, which generated a telephonic conference by Judge Lioi with counsel for both parties as to the steps to take subsequent to the undersigned's denial of the motion to compel. ECF Dkt. #32; *see also* 2/10/17 Minutes of proceedings. Judge Lioi noted in the Minutes that Plaintiff's counsel discussed at the telephonic conference a possible request that the undersigned reconsider denial of the motion to compel. *Id*. Judge Lioi left this possible reconsideration decision to the undersigned, which in turn generated a telephonic status conference between the undersigned and counsel for Plaintiff and

Defendant. *Id.*, ECF Dkt. #33. Judge Lioi also indicated that if the undersigned declined to reconsider the ruling on the motion to compel, the parties were required to file objections in accordance with the Court's Local Rules and the Federal Rules of Civil Procedure. 2/10/17 Minutes of proceedings. The undersigned held a telephonic conference and informed counsel that a request for reconsideration was declined. *See* 2/13/17 Minutes of proceedings. Plaintiff thereafter filed a 13-page Objection to the undersigned's ruling on the motion to compel, along with 104 pages of attached exhibits. ECF Dkt. #s 35, 35-1. In turn, Defendant filed a response in opposition to the objections. ECF Dkt. #37. The Court overruled Plaintiff's objections and denied Plaintiff's motion to compel. ECF Dkt. #38.

Plaintiff's failure to follow this Court's Local Rule was not egregious and not done in bad faith. However, Rule 37(A)(5)(B) does not specify a bad faith standard or egregious behavior requirement before the Court may grant attorney fees or expenses. In fact, the Rule requires the Court to order attorney fees and expenses if the motion to compel is denied, unless the motion was substantially justified or other circumstances make awarding fees and expenses unjust. Fed. R. Civ. P. 37(a)(5)(B) ("the court...must...require the movant, the attorney filing the motion, or both to pay the party...who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."). The Sixth Circuit has held that a motion is 'substantially justified' if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Doe*, 407 F.3d at 766. A motion to compel filed in violation of the Local Rules of the Court and filed beyond fact discovery deadlines previously agreed to in the case leads the undersigned to recommend that the

Court find that the motion was not substantially justified. Unlike the plaintiff's motion to compel in *Clifford*, the motion to compel in this case evidences no attempt to comply with Court Rules or Orders and in fact violated the Court's Local Rule. Further, this failure to follow Local Rule 37.1 made resolution of the issue in the motion to compel unnecessarily overcomplicated in that a compromise may have been reached in the initial stages of following Local Rule 37.1, but instead, Defendant was forced to oppose the motion not just initially, but again at two telephone conferences and in response to 13 pages of objections on the single issue. And Plaintiff presents no other circumstances that would make an award of attorney fees and expenses unjust.

For these reasons, the undersigned recommends that the Court GRANT Defendant's motion for attorney fees and expenses as reasonable people could not differ as to whether the motion to compel was appropriate due to the violation of Local Rule 37.1. ECF Dkt. #43.

### B. REASONABLENESS OF ATTORNEY FEES AND EXPENSES

Plaintiff alternatively challenges Defendant's statement outlining attorney fees and expenses, asserting that the number of hours expended is not specific enough and is in any event excessive. ECF Dkt. #45 at 5. Plaintiff merely asserts that the statement provided by Defendant under seal of the hours spent relating to opposing the motion to compel in insufficient because it compounds multiple activities into each entry. *Id.*

Upon review of the statement provided by counsel for Defendant concerning the hourly rate and time expended opposing the motion to compel and its progeny, the undersigned recommends that the Court find that it is sufficiently clear, supported and not excessive. The statement sets forth the date of each task, the timekeeper's name, the number of hours worked, the hourly rate, the total amount billed for each entry, and a relatively specific description of each activity performed. For

7

instance, the first entry lists the date, the attorney's name, indicates 4.25 hours were worked, the hourly rate, and states "[l]egal research relating to Plaintiff's Motion to Compel Discovery; draft and revise Response to Motion to Compel." ECF Dkt. #44. The most time expended was 7.75 hours in total for responding to the motion to compel initially and 15.75 hours for reviewing Plaintiff's 13-page objection with 104 pages of exhibits to the undersigned's Order denying the motion to compel. *Id.* These entries specified the attorney's review of the actual filings by Plaintiff, the performance of legal research, and the drafting and finalizing of responses. *Id.* The undersigned recommends that the Court find that neither the hourly rate nor the hours expended are excessive or unreasonable, and the entries are sufficiently specific and supported. Defendant also show reasonable expenses of $289.97 for mileage reimbursement for driving to the Courthouse in Youngstown, Ohio for the conference before the undersigned. *Id.*

## III. RECOMMENDATION AND CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court GRANT Defendant's motion for attorney fees and expenses in the total amount of #12,224.97, and ORDER Plaintiff to Defendant $11,935.00 in attorney fees and $289.97 in expenses for costs incurred in opposing the motion to compel. ECF Dkt. #43.

DATE: May 19, 2017  /s/ *George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).